**Crawford ELLERBE, Appellant,**

v.

**Norman Y. MINETA, Secretary, Department of Transportation, Appellee.**

No. 00–5101.

United States Court of Appeals, District of Columbia Circuit.

Feb. 26, 2001.

Rehearing en Banc Denied May 4, 2001.

Before HENDERSON and RANDOLPH, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

*JUDGMENT*

This case was heard on the record from the United States District Court for the District of Columbia and on the briefs and arguments by counsel. The court has ac-

corded the arguments full consideration and has determined the issues presented occasion no need for a published opinion. *See* D.C.Cir. Rule 36(b). Accordingly, for the reasons set out in the accompanying memorandum, it is

ORDERED that the judgment of the district court be affirmed.

The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir. Rule 41(a)(1).

## MEMORANDUM

Appellant Crawford Ellerbe appeals the district court's post-verdict judgment as a matter of law in his Title VII gender discrimination suit against the Department of Transportation (Department). Because Ellerbe failed to prove discrimination, we affirm the district court's judgment.

■ Since 1983 Ellerbe has worked as a GS–13 "Federal Academy Program Analyst" in the Office of Maritime and Labor, Training and Safety of the Maritime Administration of the Department of Transportation. In this position he monitors graduates of the United States Merchant Marine Academy to ensure they fulfill their service obligations and he handles waiver and deferment requests. He brought this action alleging that Taylor Jones, Director of the Office of Maritime and Labor, Training and Safety since 1994, should have reclassified his position as GS–14 but did not on account of Ellerbe's

gender. He also alleged Jones denied an annual leave request Ellerbe made in December 1995 and later refused to restore leave in retaliation for Ellerbe's deposition testimony in *Harrison v. Lewis*, 559 F.Supp. 943 (D.D.C.1983), an employment discrimination suit against the Department, and for his having filed an EEOC discrimination complaint in 1995. At the close of a ten-day trial in May 1999 the jury returned a verdict in Ellerbe's favor, awarding him compensatory damages of $75,000. In a memorandum opinion and order filed February 4, 2000 the district court granted the government's motion for judgment as a matter of law and dismissed the complaint. Ellerbe appealed.

■ First, the district court correctly held that Ellerbe failed to produce evidence of discriminatory animus.[1] Ellerbe maintains discrimination can be inferred from Jones's disparate treatment of a "similarly situated" female employee, Martha Johnson, whom Jones reclassified from a GS–12 to a GS–13. Not so. Assuming Johnson and Ellerbe were similarly situated, meaning that "all of the relevant aspects of [their] employment situation were nearly identical," *Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507, 1514 (D.C.Cir.1995) (internal quotation ömitted), there was no disparate treatment because each was appropriately classified at the same grade, GS–13.

Ellerbe also argues discriminatory intent from Jones's refusal to obtain a "desk audit" of Ellerbe's position to determine whether it should be upgraded to a GS–14.

---

1. Ellerbe asserts that because his suit persisted through trial it was error for the court to rely on his failure to make out a *prima facie* case. It is true that when a "case has been tried, ... the question whether [the plaintiff] established a *prima facie* case is ... irrelevant." *Barbour v. Browner*, 181 F.3d 1342, 1347 (D.C.Cir.1999) (citing *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S.

711, 715, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983); alteration and elipses added). "This does not mean, however, that in our analysis of 'the ultimate question of discrimination *vel non*,' [460 U.S.] at 714, 103 S.Ct. 1478, we are obliged to pretend that there is evidence supporting a *prima facie* case when in fact there is not." *Id.*

**8**

The record reveals, however, that the audit process, which was initiated upon Ellerbe's request, was terminated not by Jones but by the Director of Personnel at the behest of the Department's Chief Counsel after, and apparently because, Ellerbe filed this action. While the decision to cancel the audit may have been irregular, it does not demonstrate discriminatory intent by Jones who had no part in it.

■ Finally, with regard to Ellerbe's retaliation claim, the time lapse between Jones's denial of leave and Ellerbe's testimony in *Harrison*–at least 12 years–is simply too long to support an inference of retaliatory motive. *See Mitchell v. Baldrige,* 759 F.2d 80, 86 (D.C.Cir.1985) ("The causal connection component of the *prima facie* case may be established by showing that the employer had knowledge of the employee's protected activity, and that the adverse personnel action took place *shortly* after that activity.") (emphasis added). Nor was there evidence that Jones was even aware of Ellerbe's 1995 EEOC complaint, in which Jones was not involved, when he denied Ellerbe's leave request.